IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Peter Grigg, | ) | |
| | ) | |
| Plaintiffs, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| 19th Judicial District, Montana, | ) | Case No. 1:25-cv-274 |
| | ) | |
| Defendant. | ) | |

This matter is presently before the undersigned for initial review pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, this matter is dismissed without prejudice.

I. **BACKGROUND**

Plaintiff is a resident of Noonan, North Dakota. (Doc. No. 4). He initiated the above-captioned action *pro se* and *in forma pauperis* with the submission of a "form complaint" on December 8, 2025. (Doc. Nos. 1 and 4). He names the 19th Judicial District, Montana, as the defendant in the both the caption and body of his complaint and then goes on to state under the heading "Basis for Jurisdiction" that he is suing federal and state or local officials for "violations of: US & Montana Constitution, Civil Rights, US Judicial Canons, Declaration of Indepence [sic] - lack of jurisdiction, abuse of power, bias discrimination." (Id.). Next, under the heading "Statement of Claim," he alleges:

> Judge Matthew Cuffe recused himself 2 days prior to my summons yet proceed further in cause (lack of jurisdiction) with: - bias, discrimination, defamation, extreme prejudice, excessive punishment, retaliation, retribution & extreme persecution. Continued violations by Montana Judicial, Executive & Legislative Branches.

(Id. at p. 4). Finally, under the heading "Relief," he makes the following request:

> Uphold Plaintiff Civil & Constitutional Rights. Overturn Judgement in DR-20-79 and all cases, retaliation cases by Judges Cuffe and Jennifer Lint. Overturn all cases, biased against Plaintiff, and return Plaintiff to normal filing status. Take legal action

1

against those that have discriminated against Plaintiff & Renumerate Plaintiff for All Rights Violations. Written Apology to be published, regarding Defendant abuse of power and abuse of system.

(Id. at p. 5).

## II.   STANDARD OF REVIEW

Title 28 of the United States Code, Section 1915(e)(2) provides that, notwithstanding financial eligibility, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  A complaint is frivolous when "it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a)(2) requires a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  To meet this standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Robinson v. Bridgeport Pub. Sch., No. 8:16CV177, 2016 WL 3920167, at *3 (D. Neb. July 15, 2016) (requiring plaintiffs to set forth enough factual allegations to nudge their claims across the line from conceivable to plausible). In applying the standard, the court must accept the plaintiff's factual allegations as true.  Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  In applying the standard, the court must accept the plaintiff's factual allegations as true and make reasonable inferences in the plaintiff's favor.  Id.; Jones v. Douglas Cty. Sheriff's Dep't, 915  F.3d 498, 499 (8th Cir. 2019); Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).  On the other hand, the court "will not supply additional facts, nor . . . construct a legal theory for plaintiff that assumes facts that have not been pleaded" and "is free to ignore legal conclusions,

unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870 (8th Cir. 2002); see also Hamilton v. Palm, 621 F.3d 816, 817-18 (8th Cir. 2010) ("A pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice."

*Pro se* complaints must be liberally construed. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged, and it would be futile to give him an opportunity to amend." Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007) (citation omitted).

## III.  DISCUSSION

Plaintiff's complaint is plagued with multiple issue. First, the allegations it contains are conclusory. Plaintiff alleges that he has been subjected to, among other things, discrimination and retaliation. However, he does not clearly indicate when or how he was allegedly discriminated or retaliated against. Rather, he makes vague allegations regarding Judge Cuffe, Jennifer Lind, and three branches of the state government in Montana. Such vague, conclusory allegations do not constitute the basis for cognizable claims.

Second, insofar as Plaintiff is endeavoring to sue an entire judicial district in the State of Montana, his complaint is frivolous on its face.

Third, and most significantly, this court lacks subject matter jurisdiction. One thing that the complaint is clear about is Plaintiff's disagreement with and desire to overturn adverse judgments in cases presumably adjudicated in Montana state courts, orders unfavorable to him that were presumably issued by state court judges in Montana, and apparent restrictions on his ability

to file in Montana state courts. Montana appellate courts and perhaps the United States Supreme Court are the appropriate venues for challenging Montana state court decisions. Such challenges in this court are barred under the Rooker-Feldman doctrine, which the court can raise *sua sponte*. See Johnson v. City of Shorewood, Minnesota, 360 F.3d 810, 818 (8th Cir. 2004) (stating that the Rooker–Feldman doctrine is jurisdictional and may therefore be raised *sua sponte*); Lewis v. Anderson, 308 F.3d 768, 771 (7th Cir. 2002) ("The Rooker–Feldman doctrine is jurisdictional in nature, and thus it may be raised at any time for the parties and by the court sua sponte.... Because of the jurisdictional nature of the doctrine, we must assure ourselves that it does not bar the suit before we turn to the merits." (internal citation omitted)); Gentner v. Shulman, 55 F.3d 87, 89 (2d Cir. 1996) (same).

      The Rooker-Feldman doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments and state court proceedings. See Mosby v. Ligon, 418 F.3d 927, 931 (8th Cir. 2005); Dodson v. Univ. of Ark. for Med. Scis., 601 F.3d 750, 754 (8th Cir. 2010) ("The basic theory of the Rooker–Feldman doctrine is that only the United States Supreme Court has been given jurisdiction to review a state-court decision, so federal district courts generally lack subject-matter jurisdiction over 'attempted appeals from a state-court judgment." (internal quotation marks omitted)); see also Lance v. Dennis, 546 U.S. 459, 466 (2006) ("The doctrine applies only in 'limited circumstances,' ... where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court. The Rooker–Feldman doctrine does not bar actions by nonparties to the earlier state-court judgment simply because, for purposes of preclusion law, they could be considered in privity with a party to the judgment."). Specifically, the doctrine "bars federal courts from hearing cases brought by the losing parties in state court proceedings alleging 'injury caused by the state-court

4

judgment and seeking review and rejection of that judgment.'" Mosby, 418 F.3d at 931 (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005)); see also Bruce v. City & Cnty. of Denver, 57 F.4th 738, 746 (10th Cir. 2023) ( "The Rooker-Feldman doctrine recognizes a jurisdictional bar on lower federal courts' review of claims where (1) the plaintiff lost in state court, (2) the state court judgment caused the plaintiff's injuries, (3) the state court rendered judgment before the plaintiff filed the federal claim, and (4) the plaintiff is asking the district court to review and reject the state court judgment."). This jurisdictional bar extends to "challenges to state-court decisions ... even if those challenges allege that the state court's action was unconstitutional." D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 486 (1983; see also Ballinger v. Culotta, 322 F.3d 546, 548-49 (8th Cir. 2003) (dismissing claims under the Rooker-Feldman doctrine where the relief requested in the complaint would effectively reverse or undermine the state court decision or void its ruling and noting that "[f]ederal district courts thus may not 'exercis[e] jurisdiction over general constitutional claims that are "inextricably intertwined" with specific claims already adjudicated in state court'" (citation omitted)). Put simply, a federal district court does not possess authority in a civil rights case to review or alter a final judgment of a state court judicial proceeding. See West v. Crnkovich, No. 8:12CV273, 2013 WL 2295461, at *3 (D. Neb. May 24, 2013); see also Keene Corp. v. Cass, 908 F.2d 293, 297 (8th Cir. 1990) (stating the Rooker-Feldman doctrine applies to Section 1983 actions as well as claims for injunctive and declaratory relief).

As Plaintiff's complaint is devoid of any cognizable claims, is frivolous on its face, and that subject matter jurisdiction is otherwise lacking, the court need not address the issues of personal jurisdiction, see Smith v. HSS, No. 1:20-CV-021, 2020 WL 1809670, at *2 (D.N.D. Feb. 27, 2020), report and recommendation adopted, No. 1:20-CV-00021, 2020 WL 1802929 (D.N.D.

Apr. 8, 2020) ("[W]hen an indigent plaintiff does not include any allegations supporting personal jurisdiction, the court may properly conclude, sua sponte, that the action should be summarily dismissed."), or judicial immunity from suit, see e.g., Robinson v. Freeze, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from § 1983 liability.").

Although it is this court's usual practice to grant *pro se* litigants leave to file an amended complaint to address pleading deficiencies identified during the initial review, the court is not so inclined in this instance as amendment would be futile. See e.g., Dulcio v. Arcadis U.S., Inc., No. 9:22-CV-81908, 2023 WL 7181609, at *10 (S.D. Fla. Aug. 3, 2023) ("A court need not allow amendment when (1) there has been undue delay, bad faith, dilatory motive, or a repeated failure to cure deficiencies by previously allowed amendments; (2) allowing amendment would cause undue prejudice to the opposing party; or (3) amendment would be futile."). Regardless of Plaintiff's ability to elaborate on the nature and bases for his claims, the Rooker-Feldman doctrine remains a bar to this court's exercise of jurisdiction. Thus, it would be futile to give Plaintiff an opportunity to amend his complaint.

### IV.   CONCLUSION

The above-captioned action is **DISMISSED** in its entirety without prejudice for the reasons articulated above.

**IT IS SO ORDERED.**

Dated this 19th day of December, 2025.

>    */s/ Clare R. Hochhalter*
>    Clare R. Hochhalter, Magistrate Judge
>    United States District Court